UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN THE MATTER OF THE
APPLICATION OF THE INDUSTRIAL
DEVELOPMENT CORPORATION OF
SOUTH AFRICA LIMITED FOR AN
ORDER TO TAKE DISCOVERY
PURSUANT TO 28 U.S.C. § 1782

20 Misc. 264 (KPF)

ORDER

---

KATHERINE POLK FAILLA, District Judge:

The Industrial Development Corporation of South Africa Limited ("Petitioner") has applied for an *ex parte* order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in foreign proceedings (the "Petition"). Petitioner seeks permission to serve subpoenas on: (i) Bank of America N.A; (ii) Bank of Baroda, New York Branch; (iii) Bank of China New York Branch; (iv) The Bank of New York Mellon; (v) BNP Paribas, New York Branch; (vi) Citibank N.A.; (vii) Commerzbank AG, New York Branch; (viii) Deutsche Bank Trust Company Americas; (ix) HSBC Bank (USA) N.A.; (x) JPMorgan Chase Bank, N.A.; (xi) Mashreq Bank, New York Branch; (xii) Societe Generale, New York Branch; (xiv) Standard Chartered Bank, New York Branch; (xv) UBS AG, New York Branch; and (xvi) Wells Fargo Bank N.A. (collectively, "Respondents").[1]

The Court has reviewed the Application, as well as Petitioner's supporting memoranda, declarations, and the exhibits thereto. It has also considered 28 U.S.C. § 1782, the statutory and discretionary factors associated

---

[1] Petitioner withdrew from its petition a request for discovery from the National Bank of Abu Dhabi and clarified that it seeks discovery from Bank of Baroda's New York branch, limited to its conduct directed at New York. (Dkt. #9).

therewith, and the relevant case law. *See, e.g.*, *Certain Funds, Accounts &/or Inv. Vehicles* v. *KPMG, L.L.P.*, 798 F.3d 113, 114-15 (2d Cir. 2015); *Mees* v. *Buiter*, 793 F.3d 291, 302 (2d Cir. 2015). The Court hereby finds as follows:

1. The statutory requirements of 28 U.S.C. § 1782 are satisfied.
2. For purposes of the Petition, Respondents reside or are found in the Southern District of New York.
3. The documentary discovery sought through this Petition is for use in pending proceedings before a foreign tribunal.
4. The Petitioner is a party to the foreign proceedings and therefore an interested person within the meaning of the statute.
5. The discretionary factors, as described by the United States Supreme Court in *Intel Corp.* v. *Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004), weigh in favor of granting the requested assistance.
6. More particularly: (1) Respondents are not parties in the Foreign Proceedings and are not expected to become parties thereto; (2) there is no indication that the foreign court would not be receptive to U.S. federal-court judicial assistance as requested in the Petition; (3) the Petition does not conceal an attempt to circumvent foreign proof-gathering restrictions; and (4) the Petition seeks discovery that is not unduly intrusive or burdensome as the Petition requests evidence of the type normally produced by corporate entities or persons as third parties or parties in litigation.

It is hereby ORDERED that:

1. The Petition for an order pursuant to 28 U.S.C. § 1782 to conduct discovery for use in foreign proceedings is granted;

2. Petitioner, through its counsel, is authorized to issue, sign, and serve upon the Respondents subpoenas in substantially the same form as Exhibit 1 to the Declaration of Warren E. Gluck in Support of *Ex Parte* Application for Discovery Pursuant to 28 U.S.C. § 1782 (Dkt. #6), in accordance with the Federal Rules of Civil Procedure and the Rules of this Court;

3. Respondents are directed to comply with such subpoenas in accordance with the Federal Rules of Civil Procedure and the Rules of this Court;

4. The Court shall retain jurisdiction over this matter for the purpose of enforcing this Order and assessing any supplemental request for discovery assistance that may be requested by Petitioner; and

5. This Order is without prejudice to any objections the Respondents may have to the § 1782 demand for discovery.

SO ORDERED.

Dated: July 31, 2020
New York, New York

*Katherine Polk Failla*
_____
KATHERINE POLK FAILLA
United States District Judge